

**IT IS ORDERED as set forth below:**

**Date: April 19, 2017**

_____

**C. Ray Mullins
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 13-51434-CRM |
| NICOLE MARIA HENDERSON, | CHAPTER 7 |
| Debtor. | |
| NICOLE MARIA HENDERSON, | ADVERSARY CASE NO. 16-5370 |
| Plaintiff, | |
| v. | |
| UNITED STATES DEPT. OF EDUCATION, NEXT STUDENT (SEROS FINANCIAL), ALLIED INTERSTATE, LLC, CHAPTER ONE BANK, | |
| Defendants. | |

## **ORDER**

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment (the "Motion"). On December 19, 2016, Plaintiff initiated this adversary proceeding by filing a complaint. On February 17, 2017, Plaintiff requested entry of default for Defendants' failure to file an answer or otherwise respond to the complaint. On March 2, 2017, the Clerk entered default against Defendants United States Dept. of Education, Next Student (Seros Financial), Allied Interstate, LLC, and Charter One Bank pursuant to Bankruptcy Rule 7055. Plaintiff filed the Motion on April 3, 2017.

A failure to respond to a complaint does not end the Court's inquiry into the validity of the Motion. Rule 55 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7055, provides that the entry of default judgment is discretionary. *See* Fed. R. Civ. P. 55(b); Fed. R. Bankr. P. 7055. Further, the Supreme Court has held that "before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." *Omni Capital Intern. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987). In an adversary proceeding, a plaintiff must serve on a defendant the summons, along with a copy of the complaint, and file proof of service of the same, in accordance with the Federal Rules of Bankruptcy Procedure. Pursuant to Bankruptcy Rule 7004(e), service must be made within 14 days after the issuance of the summons. When serving a domestic or foreign corporation, partnership or other unincorporated association, Bankruptcy Rule 7004(b)(3) requires a plaintiff to mail a copy of the summons and complaint to the attention of a corporate officer or agent.[1] If service is not made in

---

1 Bankruptcy Rule 7004(b)(3) provides for service:

  (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated

this manner, service is insufficient and the Court may not exercise personal jurisdiction over the defendant.

Plaintiff filed the complaint on December 19, 2016. On December 27, 2016, Plaintiff filed a certificate of service in which she certified that she served a summons[2] and a copy of the complaint by first class mail, postage pre-paid, to Defendants on December 19, 2016. Plaintiff failed to identify a corporate officer or agent by name.

The Court issued a summons on December 22, 2016. On December 27, 2016, Plaintiff filed a document entitled "Proof of Mailing of Summons in Adversary Proceeding Issued 12/22/2016." The document is unsigned. It also fails to identify a single corporate officer or agent by name. The Court sent Plaintiff a notice of deficiency in which it informed her that the certificate of service was deficient because it was missing Plaintiff's signature. Plaintiff failed to correct the deficiency.

Plaintiff's service fails to comply with Rule 7004 and the constitutional requirements of due process. *See In re Faulknow*, Case No. 04-43921-PWB, 2005 WL 102970, *2 (Bankr. N.D. Ga. Jan. 18, 2005). Accordingly,

**IT IS ORDERED** that the Motion be and is hereby **DENIED**.

The Clerk of Court is directed to serve a copy of this Order upon the Plaintiff, Defendants, and the United States Trustee.

### END OF DOCUMENT

---

association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed. R. Bankr. P. 7004(b)(3).

2  The Court did not issue a summons until December 22, 2016. Thus, it seems that Plaintiff could not have mailed a summons with a copy of the complaint on December 19, 2016 as she stated in her certificate of service.